McCay, Judge.
The propriety of the judgment in this case turns almost wholly on the evidence. It is not very clear, from the evidence, in whose possession this cotton was at the date of the levy. It was, however, at the .farm of the plaintiff when seized under the possessory warrant. It was made by herself, and the defendant in the ñ. fa., on her plantation. Prima facie, we should say the possession was hers; she being; the owner of the land. When the *52 claim case was determined in her favor the possession of the warehouseman, where the officer had it stored, was hers. The only question left was whether her possession was legally changed. That depends on the authority of the attorney and the magistrate to interfere with it; clearly it would seem the order of the magistrate, in the teeth of the verdict and some days after, was void. Nor does the mere facts that Mr. Willis, who had been the plaintiff’s attorney on the previous trial, gave him authority to dispose of the cotton some days after the trial.
We do not think, therefore, the judgment of the magistrate in this case was one requiring the Judge of the Superior Court to interfere by certiorari. One might, perhaps, differ with the magistrate as to the weight of the proof, but that does not authorize, certainly does not require, a certiorari.
Judgment 'affirmed.